*S. H. Bush,* for appellant.   *W. H. Chief,* for appellee.

---

GEORGE W. NEIL, ET AL., *v.* ZACHARIAH NEIL, JR., ET AL.

**Conveyance of Real Estate as Trust.**

Where, by a written instrument, real estate is transferred to a husband and wife, and at the death of said husband and wife the lands are to be equally divided among all the children, and it is provided in the instrument that the conveyance is made "for their mutual and joint support and to the survivor of them," the word "their" is held to refer to the husband and his wife, and not to them and their children.

APPEAL FROM DAVIESS CIRCUIT COURT.

April 14, 1880.

OPINION BY JUDGE COFER:

The word "their," in the phrase "for their mutual and joint support and to the survivor of them," must be held to refer to Zachariah Neil and his wife, and not to them and their children. Otherwise the provision that "at the death of Zachariah Neil and Elizabeth, his wife, the lands to be equally divided among all the children" is repugnant and nugatory. This is, we think, the clear legal, though certainly not the grammatical, construction of the trust. Up to the time fixed for partition of the land the rents and profits were to be used for the mutual and joint benefit of the beneficiaries, and were

to be enjoyed by them in common. It certainly was not the intention that the children should thus enjoy it during their whole lives and the life of the survivor, for the writing directs that at the death of Zachariah Neil and wife the land shall be divided among the children, which cannot be done if appellants' construction is right. In giving a contrary construction we are satisfied that we are giving effect to the intention of the maker of the trust.

Judgment *affirmed*.

*G. W. Williams, G. W. Jolly, for appellants.*

*W. N. Sweeney, for appellees.*

